

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV–16–309

ESTATE OF ANDERSON DALE WILLIAMS, DECEASED, AND TWYLA A. WILLIAMS, ADMINISTRATOR

APPELLANTS

V.

SCHWARZE INDUSTRIES, INC., AND ARKANSAS POWER STEERING AND HYDRAULICS

APPELLEES

OPINION DELIVERED: APRIL 26, 2017

APPEAL FROM THE DESHA COUNTY CIRCUIT COURT
[NO. 58CV-14-59-1]

HONORABLE SAM POPE, JUDGE

AFFIRMED

## ROBERT J. GLADWIN, Judge

Appellant, the Estate of Anderson D. Williams, appeals the October 15, 2015 order of the Desha County Circuit Court denying its motion for judgment notwithstanding the verdict (JNOV) regarding the September 11, 2015 order that found appellees Schwarze Industries, Inc. (Schwarze), and Arkansas Power Steering and Hydraulics (APSH) not liable in the death of Williams. Appellant contends that the jury verdict is against a preponderance of the evidence and thus lacks substantial evidence to support it and that the trial court erred by not granting its motion for JNOV on appellees' liability. We affirm.

Williams, a highway employee, was killed on June 2, 2011, when a highway-department sweeper ran over him as he lay unconscious on the asphalt behind it. Appellant, through its administrator (Williams's widow), Twyla A. Williams, contended that the sweeper was defectively designed because it had a rear-end blind zone where Williams lay

unconscious, unable to react to the back-up beepers as the sweeper traveled in reverse. Appellant initially sued Navistar, Inc., and APSH for products liability, breach of warranty, and negligence in the wrongful death of Williams. Schwarze was brought in via a third-party complaint as the manufacturer of the completed sweeper. Appellant filed an amended complaint on November 21, 2014, and Schwarze filed an answer on December 1, 2014, in which it admitted that it sold the unit to the highway department through its dealer, APSH, and that Navistar designed, manufactured, and distributed the cab and chassis. Schwarze denied that the design was unreasonably dangerous and pled comparative negligence. APSH filed a separate answer on January 5, 2015.

On January 23, 2015, an order granting Navistar's motion for summary judgment was entered, which dismissed with prejudice appellant's cause of action against it. Appellees Schwarze and APSH filed their motion for summary judgment on July 23, 2015, contending that appellant did not have expert testimony of a design defect. Appellant responded on August 8, 2015, and appellees filed a reply on August 21, 2015. The motion for summary judgment was denied by the trial court during a telephone pretrial conference that was held on August 26, 2015.

The jury trial commenced on September 1, 2015. Jury instructions were submitted, and a verdict form reflected that the jury found that appellees did not supply the sweeper in a defective condition that caused the accident, that there was no negligence on the part of appellees that caused the accident, and that appellees did not manufacture a sweeper that was unfit for ordinary purposes for which it was used.

A judgment was entered on September 11, 2015, in favor of appellees on appellant's complaint and amended complaint. Appellant filed a motion for JNOV and for a new trial on damages on September 18, 2015. Schwarze responded on September 25, 2015. Appellant requested an extension to reply to Schwarze's response on September 29, 2015, and an order entered on October 1, 2015, granted an extension until October 7, 2015; a subsequent order set the motion for hearing for October 13, 2015. After that hearing, an order entered on October 15, 2015, denied appellant's motion for JNOV and upheld the jury verdict submitted on interrogatories, finding that there was substantial evidence to support appellees' verdict. Appellant filed its timely notice of appeal on October 28, 2015.

We hold that appellant failed to preserve its point for appeal because it did not properly move for a motion for directed verdict at trial. Arkansas Rule of Civil Procedure 50(b) requires that a party move for a directed verdict as a prerequisite to subsequently filing a JNOV motion. Rule 50(a) states that the motion should be made at the close of the opposing party's case and specifically state the grounds for the motion. After appellees renewed their motions for directed verdict, the sum and substance of appellant's purported motion for directed verdict was as follows:

THE COURT:  Yes, ma' am. Thank you. Mr. Gibson?

MR. GIBSON:  Your Honor, as I have previously stated, the evidence is in a posture at best for counsel's motion, there are facts in dispute. And the jury could -- The evidence could support a verdict on all theories, three theories of liability.

And I will address that we have alleged that the sweeper was not fit for its intended purpose which satisfies the pleading in this case and the proof under that pleading.

Now, I will say this: We think that we have gotten very close to a directed verdict ourselves on the issue that a convex mirror would have prevented this

accident because their testimony from their expert said it may have. He has not negated our assertion –

THE COURT: You've still got the issue of proximate cause, so you're wrong.

MR. GIBSON: I rest.

THE COURT: Okay.

Okay. I– You know, I have to consider the issues at this time and the evidence in the light most favorable to the nonmoving party. The nonmoving party would be the Plaintiff.

And in doing that, there are questions of fact on almost everything that's been mentioned by the Defendant. And I'm not making a comment concerning the weight of the evidence, because I'm not required to do that at this time. But I am required to consider both the testimony and the circumstantial evidence.

And in doing that, like I did before, I'm denying the motions for directed verdict. That's the ruling.

Merely because appellant claimed that it came close to a directed verdict in response to appellees' renewed motions for directed verdict is not sufficient to meet the requirement of stating specific grounds and making an actual motion. *See Thomas*, 364 Ark. at 448, 220 S.W.3d at 630–31. In *Thomas*, our supreme court found the plaintiff's bare motion for directed verdict insufficient and refused to allow her to rely on comments made in response to the defendant's motion for directed verdict. The record indicates that appellant's comments related solely to its claim that the sweeper was defective and unreasonably dangerous because it lacked the rear convex mirror proposed by appellant's expert. Appellant specifically abandoned that ground, as demonstrated by the following exchange with the trial court at the hearing on appellant's JNOV motion.

THE COURT: I don't have any questions. Mr. Gibson, you want to address anything else in rebuttal?

4

MR. GIBSON: Yes, Your Honor. Your Honor, we do not attack the jury verdict on the basis, having anything to do with the convex mirror would have fixed this. That's not before the court. This is -- This is an allegation in the motion that this machine was unreasonably dangerous when it left the factory, manufactured and configured with a sixty-foot blind spot. We're not trying to say that they were negligent in this motion for not putting a convex mirror on the rear. That's out. I spent too much time on that in the trial of this case. I'm not-

THE COURT: Well, you didn't-- That was your theory of the case, really.

MR. GIBSON: That was the theory on negligence.

THE COURT: Yeah. Well, on everything.

MR. GIBSON: No.

THE COURT: It all-- it all-- That's the point you called your expert for to a large degree and it's the point you tried to make with the jury. And I assume you did it because it was a fairly low-cost fix.

MR. GIBSON: Yes, Your Honor. But the-- That wasn't my only theory of recovery. That was the negligent design which could have been cured by a convex mirror. What I said in my first theory of recovery was strict liability based on defective design, which we're not required to come up with a remedy to cure the defect. When it leaves the factory without, with a design that renders it unreasonably dangerous, we're not required to prove negligence.

THE COURT: I think strictly speaking you're correct. I'm just saying that was your theory that you advanced.

Accordingly, we hold that appellant failed to properly preserve this argument before the trial court, and we specifically reject appellant's argument that the trial court's ruling denying what appellant claims was a motion for directed verdict constituted an acknowledgment that the "motion" was sufficient. Appellant failed to meet the specific requirements of Rule 50(a)–(b) of moving for a directed verdict—as a prerequisite to subsequently filing its JNOV motion—at the close of the opposing party's case and specifically stating the grounds for the motion.

                Cite as 2017 Ark. App. 255

Affirmed.

GRUBER, C.J., and VAUGHT, J., agree.

*Gibson Law Office*, by: *Charles Sidney Gibson* and *Chuck Gibson*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *Elizabeth Robben Murray* and *Joseph McKay*, for appellee.